IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RICHARD CRUZ                          §

VS.                                   §    CIVIL ACTION NO. 1:06cv93

T.C. OUTLAW                           §

## MEMORANDUM OPINION

Petitioner Richard Cruz, an inmate confined at the United States Penitentiary at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus.

## Factual Background

Petitioner is currently serving a sentence imposed by a federal court.  He is not challenging his federal conviction. Instead, he asserts that three prior convictions from state courts in Harris County, Texas, are invalid.  Petitioner states he entered guilty pleas with respect to all three convictions.  He states the pleas of guilty were involuntary because he was not informed that the convictions could be used to increase a future sentence. Petitioner states he has completed the sentences imposed as a result of the convictions in Harris County.

## Analysis

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A district court has subject-matter jurisdiction over the petition only if the

petitioner is "in custody" under the judgment or judgments under attack at the time the petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  The custody requirement is not satisfied if the sentence imposed as a result of the conviction under attack has fully expired prior to the date on which the petition was filed.  *Id*.

In *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001), the Supreme Court further clarified the "in custody" requirement.  In *Lackawanna*, the Court held that a petitioner who was no longer in custody pursuant to a conviction could not bring a federal habeas petition directed solely at such conviction.  The Court also held that a petitioner in custody for a later conviction, whose sentence was enhanced as a result of an earlier conviction, could challenge the later conviction as enhanced by the earlier conviction.  *Id*. at 401.

Petitioner is not challenging the federal conviction which resulted in his current incarceration.  Instead, he is challenging three prior state convictions whose sentences have expired.  As petitioner is no longer in custody with respect to such convictions, the court lacks subject-matter jurisdiction over the petition.  This petition will therefore be dismissed without prejudice.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed for lack of subject-matter

jurisdiction.  A final judgment shall be entered in accordance with this memorandum opinion.

      **SIGNED** this the **28** day of **November, 2006.**

_____
Thad Heartfield
United States District Judge